**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GENESIS JAIME

Plaintiff,

- against –

SEAFOOD KING FISH MARKET INC., AND MAO CHU ZHENG

Defendants.

Case No.

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, Genesis Jaime ("Plaintiff"), by and through her undersigned attorneys, hereby files this Complaint against Defendants Seafood King Fish Marlet Inc. ("Seafood King") and Mao Chu Zheng ("Defendant Zheng") (Collectively "Defendants") and states as follows:

## PRELIMINARY STATEMENT

1. Defendants refused to pay Genesis Jaime her lawful wages. Defendants employed Genesis Jaime as waitress from December 2022 through October 2026. Plaintiff worked at 3903 Broadway 163-164 Street, New York, NY 10032. Plaintiff was not fully compensated for the work she performed. Defendants failed to pay Plaintiff the New York State minimum wage. Defendants also failed to pay Plaintiff an overtime premium required by federal and New York State law.

2. Genesis Jaime alleges, pursuant to the Fair Labor Standard Act ("FLSA") 29 U.S.C. §201 et seq., and the New York Labor Law ("NYLL") Articles 6 and 19, that she is entitled to recover from Defendants (1) declaratory relief, (2) unpaid wages (3) overtime (4) liquidated damages, (5) prejudgment interest, 6) attorneys' fees and costs, and all other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Genesis Jaime is a natural person and a resident of Bronx New York.
6. Defendant Seafood King is a domestic limited liability company organized under the laws of New York with a principal place of business at 3903 Broadway New York, NY 10032.
7. Defendant Zheng is a natural person.
8. Defendant Zheng is the principal of Defendant Seafood King.
9. At all times relevant to this action, Defendants were employers of Genesis Jaime pursuant to the FLSA and NYLL.
10. At all times relevant to this action, Genesis Jaime was an employee of Defendants pursuant to FLSA and NYLL.
11. Upon information and belief Defendant Seafood King has gross revenue in excess of $500,000.00.

## STATEMENT OF THE FACTS

12. Defendant Seafood King is a restaurant that sells cooked and uncooked seafood.
13. Defendants are engaged in the food industry.
14. On or about December 2022 Defendant Zheng hired Ms. Jaime as a waitress.
15. Ms. Jaime's job duties consisted of among other things, serving food, taking and dispatching orders, mopping and sweeping floors, and operating the cash register.
16. Ms. Jaime was qualified for her position and performed her job in a satisfactory manner at all times.
17. Ms. Jaime never received any written discipline from Defendants.

18. At all relevant times, Defendants had the power to hire and fire employees, including Jaime.

19. Defendant Zheng exercised control over Ms. Jaime's terms and conditions of employment.

20. Defendant Zheng supervised and controlled Ms. Jaime's work schedule, directed and instructed her in the performance of her duties.

21. Defendant Zheng determined Ms. Jaime's rate and method of pay.

22. Defendant Zheng paid Ms. Jaime's wages.

23. Ms. Jaime was paid every other week, with payments typically issued on Mondays or Tuesdays.

24. Ms. Jaime reported directly to Defendant Zheng.

25. Defendant Zheng managed Defendant Seafood King daily business operations.

26. Upon information and belief, Defendants maintained employment records for Ms. Jaime.

27. At all relevant times, Defendant Zheng exercised direct supervisory and managerial authority over Ms. Jaime.

## **Defendants Failed to Pay Ms. Jaime the N.Y.S. Minimum Wage**

28. Ms. Jaime worked Monday through Sunday from 10:00 a.m. to 6:00 p.m. for the time period of December 2022 to December 2024.

29. Ms. Jaime worked Monday, Wednesday, Thursday, Friday, Saturday and Sunday from 9:00 a.m. to 5:00 p.m. for the time period of January 2025 to March 2026.

30. Ms. Jaime worked Monday, Tuesday, Friday, Saturday and Sunday from 11:00 a.m. to 7:00 p.m. for the time period of April 2026 to June 2026.

31. Ms. Jaime worked Friday, Saturday and Sunday from 5:00 p.m. to 1:00 a.m. for the time period of June 2026 to September 2026.

32. Ms. Jaime was not provided with a lunch break during her workday.

33. Defendants paid Ms. Jaime $10.00 per hour throughout her employment.
34. Defendants failed to pay Ms. Jaime the New York State minimum wage.
35. Defendants did not fully compensate Ms. Jaime for all hours worked.
36. Ms. Jaime asked for a pay raise on multiple occasions.
37. Defendants instead reduced Ms. Jaime’s hours
38. Ms. Jaime was only working 3 days per week within the last three months.
39. Ms. Jaime resigned in or about September 2026 due to Defendants’ continued refusal to increase her working days and to fairly compensate her for the hours worked.

**Defendants failed to pay Ms. Jaime Overtime**

40. Defendants paid Ms. Jaime straight time without regard to the number of hours she worked.
41. For the time period of December 2022 through December 2024 Ms. Jaime worked approximately 56 hours per week.
42. For the time period of January 2025 through March 2026 Ms. Jaime worked approximately 48 hours per week.
43. Defendants failed to pay Ms. Jaime overtime compensation for hours worked in excess of forty (40) per week.

**Defendants’ Actions Violated the FLSA and the NYLL**

44. The provisions set forth in the FLSA and supporting federal regulations apply to Defendants and protect Plaintiff.
45. The wage provisions of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiff.

46. The work performed by Plaintiff was non-exempt as defined by the FLSA, NYLL and the implementing regulations.

47. Plaintiff was neither responsible for, nor allowed to make, relevant decisions regarding policy, procedures, or protocol.

48. Plaintiff was subject to the control, policies, and procedures of Defendants in making decisions in the course of their employment.

49. Defendants were aware of the number of hours that Plaintiff worked each week.

50. Defendants failed to ensure that he was paid for all hours worked.

51. Plaintiff was and is entitled to be paid for all hours they worked for Defendants.

52. Plaintiff is entitled to be paid (i) at their regular rate of pay for all hours worked less than forty (40) in a week, and (ii) the greater of one and a half times the minimum wage or their regular rate of pay for each hour worked in excess of forty (40) hours in any workweek pursuant to the FLSA, NYLL and the implementing regulations.

53. Defendants failed to provide Plaintiff with the notices required by NYLL §195(1).

54. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, NYLL and the associated regulations.

55. Defendants failed to give Plaintiff a written notice of any credits as required by the NYLL and the implementing regulations.

56. Defendants failed to post and/or keep posted in a conspicuous place on their premises a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U. S. Department of Labor in violation of FLSA §203(m) and supporting regulations, including but not limited to 29 CFR §516.4.

57. At all relevant times, Defendants failed to post and/or keep posted in places regularly assessable to Plaintiff notices issued by the Department of Labor about wage and hour laws, tip appropriations, illegal deduction provisions and any other labor laws that the Commissioner shall deem appropriate, in violation of 12 NYCRR §141-2.3.

58. Defendants are not entitled to any credits to the minimum wage.

59. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

60. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in the Complaint are unlawful. Defendants had not made a good faith effort to comply with the FLSA and NYLL with respect to the compensation of Plaintiff.

61. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to FLSA §225.

62. Plaintiff was and is entitled to be paid for all hours he worked for Defendants.

63. At all relevant times, Defendants failed to post and/or keep posted in places regularly assessable to Plaintiff "notices issued by the Department of Labor about statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions, and net wages. in violation of 12 N.Y.C.R.R. §141-2.3.

## FIRST CAUSE OF ACTION

## <u>Fair Labor Standards Act</u>

**Failure to Pay Overtime**

64. Plaintiff realleges and incorporates by reference all facts and allegations set forth in all preceding paragraphs.

65. Defendants failed to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours in a work week.

66. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for hours worked in excess of forty (40) hours per workweek in violation of 29 U.S.C. §§206 and 207.

67. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in the Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

68. As a result of Defendants' FLSA violations, Plaintiffs have suffered damages, specifically overtime wages, in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, in addition to, liquidated damages, prejudgment interest, post-judgement interest, attorneys' fees, costs, and other compensation pursuant 29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION**

**New York Labor Law**

**Failure to Pay Wages**

69. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

70. Manual workers are required to be paid all wages within one week of work pursuant to §191(a).

71. Defendants willfully failed to pay Plaintiff all wages as defined in NYLL § 190 (1).

72. Defendants were required to pay Plaintiff at least the minimum wage at a rate of (a) $13.50 per hour for the time period December 31, 2018 through December 30, 2019; $15 per hour for the time period December 31, 2019 through December 30, 2023; $.16 per hour for the time period December 31, 2023 through December 30, 2024; $.16.50 per hour for the time period December 31, 2024 through the present; under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §141-1.3.

73. Defendants were required to pay Plaintiff at least the minimum wage at a rate of (a) $13.50 per hour for the time period December 31, 2018 through December 30, 2019; $15 per hour for the time period December 31, 2019 through December 30, 2023; $16 per hour for the time period December 31, 2023 through December 30, 2024; $.16.50 per hour for the time period December 31, 2025 and $17.00 from January 2026 through the present under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §141-1.3, 12 N.Y.C.R.R §142-2.1 or 12 N.Y.C.R.R §146-1.2.

74. By Defendants' knowing or intentional failure to pay Plaintiff minimum hourly wages, they have willfully violated the NYLL Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

75. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

76. As a result of Defendants' willful and unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery

of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to the NYLL.

**THIRD CAUSE OF ACTION**

**Violation of New York Labor Law**

**Failure to Pay Overtime**

77. Plaintiff realleges and incorporates by reference all facts and allegations set forth in all preceding paragraphs.
78. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs.
79. Defendants failed to pay Plaintiff's overtime wages to which Plaintiffs are entitled under the NYLL and supporting New York State Department of Labor regulations.
80. Through its knowing and/or intentional failure to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week, Defendants have willfully violated the NYLL Article 19, §§650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to 12 NYCRR §141-1.4, 12 NYCRR §142-2.2 or 12 NYCRR §146-1.4.
81. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, in addition to liquidated damages, prejudgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§198 and 652.

**FOURTH CAUSE OF ACTION**

**New York Labor Law**

**Notice & Wage Statement Violations**

82. Plaintiff realleges and incorporates by reference all facts and allegations set forth in all preceding paragraphs.

83. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs.

84. Defendants failed to pay Plaintiff's overtime wages to which Plaintiffs are entitled under the NYLL and supporting New York State Department of Labor regulations.

85. Through its knowing and/or intentional failure to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week, Defendants have willfully violated the NYLL Article 19, §§650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to 12 NYCRR §141-1.4, 12 NYCRR §142-2.2 or 12 NYCRR §146-1.4.

86. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, in addition to liquidated damages, prejudgment interest, post-judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §§198 and 652.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation pursuant to FLSA §216 and NYLL §§198(1-a) and 663;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to FLSA §216 and NYLL §§198(1-a) and 663;

e. An award of damages for notice and wage statement violations pursuant to NYLL §§198(1-b) and 198(1-d);

f. An award of prejudgment and post judgment interest pursuant to the FLSA and NYLL §§ 198(1-a) and 663;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to FLSA §216, NYLL §§ 198(1-a) and 663; and

h. Such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Date: Bronx, NY
October 30, 2026

The Law Offices of Delmas A. Costin, Jr., PC

By: ***/s/ Delmas A. Costin, Jr.***
Delmas A. Costin, Jr.
930 Grand Concourse
Suite 1B
Bronx, NY 10451
(718) 618-0589 (O)
(347) 510-0099 (F)
dacostin@dacostinlaw.com

*Attorneys for Plaintiff*